IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SCOTTIE LEE SANDERSON,     )
                           )
    Petitioner,             )
                           )
v.                          )    No. 3:16-cv-01512
                           )    Judge Trauger
UNITED STATES OF AMERICA,  )
                           )
    Respondent.             )

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1); the Government's Response (Docket No. 5); and the Petitioner's Reply (Docket No. 7). For the reasons set forth herein, the Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty to two drug trafficking counts of an Indictment that also charged two counts of unlawful possession of a firearm by a convicted felon and one other count of drug trafficking. (Docket Nos. 35, 40, 60 in Case No. 3:10cr00259). Through the Plea Agreement, the parties agreed to a total sentence of 120 months of imprisonment, and the Government agreed to dismiss the remaining counts at sentencing. (Docket No. 40, at 13-14, in Case No. 3:10cr00259). The Petitioner acknowledged in the Agreement that if he were convicted

of either of the firearms charges, he would be subject to a mandatory minimum statutory sentence of 180 months as an Armed Career Criminal. (Id., at 2). At the change of plea hearing, the court went over the Plea Agreement in detail with the Petitioner. (Docket No. 60 in Case No. 3:10cr00259). At the subsequent sentencing hearing, on August 29, 2011, the court imposed the agreed 120-month sentence. (Docket Nos. 41, 42, 43, 61 in Case No. 3:10cr00259). The record indicates that no appeal was taken.

On April 25, 2016, the Petitioner filed a request for a sentence reduction based on an amendment to the sentencing guideline for drug offenses. (Docket No. 46 in Case No. 3:10cr00250). The court subsequently denied the request because the sentence was based on a binding plea agreement, and the Sixth Circuit affirmed on appeal. (Docket Nos. 62, 67, in Case No. 3:10cr00259).

III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect

or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B. <u>Johnson v. United States</u>

The Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of the career offender sentencing guideline, which he claims was used to determine his offense level at sentencing. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a

"violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender guideline.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The

---

[1] For purposes of the career offender guideline, "crime of violence" was defined as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion,

Petitioner relies on the reasoning of these decisions in arguing that the career offender guideline that was applied to him at sentencing was unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced because his prior convictions for aggravated burglary were improperly considered to be "crimes of violence" under the residual clause of the definition.

In its Response, the Government argues that the waiver provision of the Plea Agreement bars the Petitioner's claim and that the Petitioner's prior convictions for aggravated burglary qualify as "crimes of violence" without regard to the residual clause.[2]

The court need not address these issues, however, because the Supreme Court's decision in *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), issued on March 6, 2017, forecloses the Petitioner's claim. In *Beckles*, the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and, therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under

---

> involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

[2] On June 27, 2017, after the Government filed its brief, the Sixth Circuit issued its *en banc* decision in *United States v. Stitt,* 860 F.3d 854 (6th Cir. 2017), holding that the a conviction for aggravated burglary under Tennessee law does not qualify as a "violent felony" under the ACCA.

the Due Process Clause. Thus, even if the Petitioner's prior convictions for aggravated burglary qualified as "crimes of violence" under the career offender residual clause definition, application of that definition was not unconstitutional.[3]

The Petitioner alternatively argues that he agreed to the 120-month sentence in this case, higher than the guideline range, because he was led to believe that he would otherwise qualify to be sentenced as an Armed Career Criminal based on his prior state convictions for aggravated burglary. (Docket No. 1, at 2). The Sixth Circuit has made clear, however, that changes in the law made after the entry of a guilty plea do not render an otherwise valid plea involuntary or unknowing. *See, e.g., United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005); *United States v. Ryerson*, 502 F. App'x 495, 498 (6th Cir. 2012); *United States v. Whitsell*, 481 F. App'x 241, 243 (6th Cir. 2012). *See also Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)(". . . a voluntary plea of guilty intelligently made in the light of the then-applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.") The Petitioner has not shown that his guilty plea was invalid. Accordingly, the Petitioner's Motion To Vacate is without merit.

## IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate is denied

---

[3] The court also notes that the Petitioner's guideline range was not driven by his qualification as a career offender because his offense level calculations under the drug trafficking guideline and his criminal history points were both greater than that otherwise applicable to career offenders. (Docket No. 64, at ¶¶ 10, 53, 54, in Case No. 3:10cr00259).

and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

ENTER this 5th day of October 2017.

_____
ALETA A. TRAUGER
U.S. District Judge